UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MONTVALE SURGICAL CENTER, LLC, a/s/o W.K., | : : : : : : : : : : : : : | Civil Action No. 12-4168 (JLL) ORDER |
| Plaintiff, | | |
| v. | | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., ET AL., | | |
| Defendants. | | |

This matter having come before the Court by way of plaintiff Montvale Surgical Center, LLC's ("plaintiff") December 27, 2012, motion to reinstate the Complaint, see Mot. to Reinstate Compl., Dec. 27, 2012, ECF No. 13;

and defendants having filed no opposition to plaintiff's motion[1];

---

[1] On June 6, 2012, plaintiff filed a Complaint in the Superior Court of New Jersey, Passaic County, Law Division, against defendants Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon Blue Cross") and District Council Ironworkers Fund of Northern New Jersey - Local 45 ("Local 45") (collectively, "defendants") to recover benefits for services rendered to William Kearney at Montvale Surgical Center on September 16, 2009, September 17, 2009, and February 1, 2010, pursuant to a self-funded employee benefit plan governed by ERISA. See Exh. A to Notice of Removal, ECF No. 1; Notice of Removal ¶ 6, ECF No. 1. Horizon Blue Cross timely removed the matter to this Court on July 6, 2012. ECF No. 1.

Horizon Blue Cross filed an Answer on July 16, 2012, setting forth its affirmative defenses. Answer, July 16, 2012, ECF No. 5. An Initial Scheduling Conference was set for October 19, 2012 (ECF No. 6), but was adjourned to November 5, 2012. However, due to disruptions attributable to Hurricane Sandy, that conference was adjourned again until December 7, 2012. Orders, Nov. 4–5, 2012, ECF Nos. 7–8. On November 9, 2012, the Clerk of the Court sent to the attorneys a Notice of Call for Dismissal pursuant to Fed. R. Civ. P. 4(m), which placed them on notice that the Court would dismiss the action on November 19, 2012, because of

(continued...)

and the Court having considered the submission in support of plaintiff's motion to reinstate the Complaint as to Local 45[2]; and for good cause shown[3];

IT IS ON THIS 30th day of January 2013,

ORDERED that plaintiff's motion to reinstate the Complaint against Local 45 as a party defendant (ECF No. 13) is **granted**.

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

---

[1](...continued)
plaintiff's failure to effect service of process on Local 45, within 120 days of the filing of the Complaint, unless plaintiff provided proof of service before November 19, 2012.  ECF No. 9.  The Notice stated that "[i]f proof of service is not filed before the return date, counsel are required to appear before the Court, to show good cause why this action should not be dismissed against [Local 45]."  Id.

On November 19, 2012, the Court dismissed without prejudice the case as to Local 45, pursuant to Fed. R. Civ. P. 4(m), because plaintiff had failed to effect service of process on Local 45 for more than 120 days after the filing of the Complaint.  Order, Nov. 19, 2012, ECF No. 10.  Thereafter, the Court held an Initial Scheduling Conference on December 7, 2012, with plaintiff and Horizon Blue Cross, the remaining defendant.  Plaintiff filed the instant motion to reinstate the Complaint as to Local 45 on December 27, 2012.  ECF No. 13.

[2] In support of its motion to reinstate the Complaint, plaintiff submits the certification of Andrew Brosnick, Esq.  ECF No. 13-1.  Brosnick certifies that plaintiff attempted to serve process on Local 45 at its office in Jersey City, but failed to effectuate such service because the correct address on which to serve Local 45 – its main office – was in Springfield, New Jersey.  Brosnick Certification ¶¶ 2–3, Dec. 27, 2012, ECF No. 13-1.  Brosnick noted that the matter is currently open against Horizon Blue Cross, but that it is necessary to name Local 45 as a defendant in the matter as well because of the self-funded status of the applicable ERISA insurance plan.  Id. ¶ 4.

[3] Based on plaintiff's submission in support of its motion to reinstate the Complaint, and specifically, the Brosnick Certification (ECF No. 13-1), the Court finds that plaintiff has demonstrated good cause sufficient to warrant granting the instant motion (ECF No. 13).  Further, the Court notes that the November 19, 2012, Order dismissed the action as to Local 45 without prejudice pursuant to Fed. R. Civ. P. 4m.  See Order, ECF No. 10.  Therefore, this Order neither contradicts nor modifies the November 19, 2012, Order.